Louis B. Helher, J.
This is a proceeding pursuant to article 78 C'PLR to enjoin the State Liquor Authority from interfering with the operation of the licensed premises pending determi *94 nation of disciplinary and nonrenewal hearings heretofore held at the State Liquor Authority.
The overbearing conduct of respondent New York State Liquor Authority throughout these oppressive proceedings — and I have carefully perused the record in the instant and previous petitions — isa classic example of bureaucratic arrogance and shows a shocking indifference to any semblance of fair play, not to mention compassion.
Petitioner, a one-man corporation, operates a restaurant bar and grill in the Brownsville-Crown Heights section of Brooklyn. Petitioner’s president is a college graduate and has never been arrested or involved in any police action whatsoever. The business, in which his life savings are invested and in which he worked upwards of 12 hours a day, 7 days a week sans vacations, was the sole means of support for himself, his wife and children.
The rather sensitive area in which the subject premises is located has been the scene of riots and disorders. Nevertheless, at no time during petitioner licensee’s tenure was the premises in any way involved nor was there ever a complaint or police action, except for the alleged violations of the Liquor Authority rules which are the subject of the disciplinary hearing.
Because of changing conditions in the area, there has been a complete change of patronage. Petitioner entered into a contract for the sale of the business to parties who would be more compatible with the new circumstances and who could successfully operate the restaurant bar and grill, while petitioner’s president secured a job with the United States Department of Welfare as a caseworker.
Due to a misunderstanding as to the scheduled time of a disciplinary hearing before the State Liquor Authority, petitioner’s restaurant liquor license was summarily revoked without any hearing on the merits. Of course, petitioner’s business is worthless without a liquor license, and the contract for the sale of the restaurant bar and grill is dependent on the continuance of a valid license to dispense liquors.
In his opinion on the previous petition (58 Mise 2d 217), Mr. Justice Wbgman excoriated respondent Liquor Authority for its high-handed violation of petitioner’s elementary constitutional right to due process, granted a judgment setting aside the unilateral revocation of the liquor license, opened the default, and directed a hearing on the charges before the State Liquor Authority, at which petitioner would be afforded the opportunity to confront its accusers and defend against respondent’s allegations.
*95 Pursuant to the judgment, a full hearing was commenced at the State Liquor Authority on the disciplinary charges. Hearings were held November 18, 1968, December 23, 1968, January 8, 1969, January 22, 1969 and the hearing concluded on February 10 1969, after more than 500 pages of testimony were taken. Decision was reserved by the hearing officer and to date there has been no decision.
Upon petitioner’s application for a renewal of his liquor license, it was served with a notice of interview regarding a nonrenewal hearing which was held at the State Liquor Authority on February 10, 1969. The nonrenewal “hearing” consisted of the record and transcript of the revocation proceedings. No decision has as yet been received as to the nonrenewal hearing.
Petitioner duly filed the required application for renewal of its license for the period March 1, 1969 to February 28, 1970, posted the required bond, and submitted the required fee. It received a communication dated February 21, 1969, wherein the State Liquor Authority acknowledged receipt of the renewal application for the 1969-1970 license year but informed it that the members of the Authority have directed that no action be taken on this application, for the reason that: ‘ ‘ There is an uncompleted disciplinary or non-renewal proceeding against the license which is of such a serious nature that revocation, cancellation, or non-renewal may result and therefore renewal of the license at this time would not serve public convenience and advantage.”
This action or, rather, inaction, of respondent State Liquor Authority places petitioner in a precarious position indeed. Unless the Liquor Authority hearing officer hands down his decision .and petitioner is granted a renewal of its license by March 29, 1969 (at which time the stay contained in the order to show cause dated February 28, 1969 expires), the petitioner faces economic disaster.
Petitioner thereupon instituted the instant article 78 proceeding. Respondent cross-moves to dismiss the petition upon the following objections:
1. The nonfinal action of the Authority is not subject to review under sections 2 and 121 of the Alcoholic Beverage Control Law.
2. The petition does not .state facts sufficient to entitle petitioner to the relief sought or to any other relief.
Respondent characterizes the failure of its hearing officer, who is a Commissioner .of the State Liquor Authority, to render *96 any decision on the revocation hearing and nonrenewal interview as ‘ ‘ nonfinal action ’ As far as petitioner, is concerned, it is not only final hut it is the end of petitioner’s business. It is tantamount to a condemned prisoner going to the electric chair before a pending decision is handed down by the Court of Appeals.
If petitioner is not able to open its doors and do business until the determination of the two hearings, which may very well take a long period of time, it will be out of business and will have lost its case for all intents and purposes without any determination. It seems unthinkable that a government agency can arbitrarily effectuate the economic doom of a valuable property by the simple expedient of sitting on its haunches and biding its time.
In light of Mr. Justice Wegmah’s scathing castigation of respondent’s past course of conduct in this matter, it is difficult to fathom what impels respondent to persist in this harassment by nonaction.
Respondent’s cross motion to dismiss the petition is denied.
Petitioner’s prayer for relief is granted to the extent that the State Liquor Authority, its agents, servants and employees are enjoined from interfering with the operation of the subject licensed premises, and they are restrained and stayed from prohibiting the sale of alcoholic beverages by petitioner at its premises 1136 Eastern Parkway, Brooklyn, New York, pending the determination of the disciplinary and nonrenewal proceedings by the State Liquor Authority (Matter of Missouri Realty Corp. v. New York State Liq. Auth., 21 N Y 2d 959; Matter of Val Gian Bay Shore Hotel v. State Liq. Auth., 21 N Y 2d 960; Matter of Jist Rest. v. New York State Liq. Auth., 21 N Y 2d 1026.)